IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| Kei Shondra Campbell,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Equifax Information Services, LLC,<br>a Georgia limited liability company,<br>Bank of America, N.A.,<br>a foreign corporation,<br>Sterling Jewelers, Inc. dba Kay Jewelers,<br>a foreign corporation, and<br>BMW of North America, LLC,<br>a foreign limited liability company,<br><br>　　　　Defendants. | Case No.:　4:18CV-053<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, KEI SHONDRA CAMPBELL, BY AND THROUGH COUNSEL, ALEX SIMANOVSKY, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Savannah, Chatham County, Georgia.

4. Venue is proper in the Southern District of Georgia, Savannah Division.

## PARTIES

5. Plaintiff is a natural person residing in Savannah, Chatham County, Georgia.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the state of Georgia;

   b. Bank of America, N.A. ("Bank of America") is a foreign corporation that conducts business in the state of Georgia;

   c. Sterling Jewelers, Inc. dba Kay Jewelers ("Kay Jewelers") is a foreign corporation that conducts business in the state of Georgia; and

   d. BMW of North America, LLC ("BMW") is a foreign limited liability company that conducts business in the state of Georgia.

## GENERAL ALLEGATIONS

7. The following entities are inaccurately reporting their trade lines on Ms. Campbell's Equifax credit file ("Errant Trade Lines"): Bank of America; Kay Jewelers; BMW.

8. The Errant Trade Lines fail to report that the subject accounts were discharged in Ms. Campbell's Chapter 7 bankruptcy proceedings.

9. Prior to June 2, 2016, Ms. Campbell filed for Chapter 7 bankruptcy.

10. On or about June 2, 2016, Ms. Campbell received an order of discharge from the bankruptcy court.

11. On or about August 30, 2017, Ms. Campbell obtained her credit files and discovered the Errant Trade Lines failed to state that the subject accounts were discharged.

12. On or about December 7, 2017, Ms. Campbell submitted a letter to Equifax disputing the Errant Trade Lines.

13. In the dispute letter, Ms. Campbell explained that the subject accounts were discharged, attached the order of discharge and asked Equifax to report the Errant Trade Lines as discharged in bankruptcy.

14. Upon information and belief, Equifax forwarded Ms. Campbell's dispute to Bank of America, Kay Jewelers and BMW.

15. On February 1, 2018, Ms. Campbell obtained her Equifax credit file, which showed that the Errant Trade Lines still fail to report that the subject accounts were discharged.

16. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et*

*seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA**

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Equifax of Ms. Campbell's consumer dispute of the bankruptcy discharged language of the Errant Trade Line, Bank of America negligently failed to conduct a proper investigation of Ms. Campbell's dispute as required by 15 USC 1681s-2(b).

19. Bank of America negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Equifax to report the discharged language for the Errant Trade Line.

20. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Campbell's consumer credit file with Equifax to which it is reporting such trade line.

21. As a direct and proximate cause of Bank of America's negligent failure to perform its duties under the FCRA, Ms. Campbell has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

22. Bank of America is liable to Ms. Campbell by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Ms. Campbell has a private right of action to assert claims against Bank of America arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Bank of America for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Equifax that Ms. Campbell disputed the accuracy of the information it was providing, Bank of America willfully failed to conduct

a proper reinvestigation of Ms. Campbell's dispute, and willfully failed to direct Equifax to report the discharged language for the Errant Trade Line.

26. Bank of America willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of Bank of America's willful failure to perform its duties under the FCRA, Ms. Campbell has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. Bank of America is liable to Ms. Campbell for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Bank of America for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY KAY JEWELERS**

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by Equifax of Ms. Campbell's consumer dispute of the bankruptcy discharged language of the Errant Trade Line, Kay Jewelers negligently failed to conduct a proper investigation of Ms. Campbell's dispute as required by 15 USC 1681s-2(b).

31. Kay Jewelers negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Equifax to report the discharged language for the Errant Trade Line.

32. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Campbell's consumer credit file with Equifax to which it is reporting such trade line.

33. As a direct and proximate cause of Kay Jewelers' negligent failure to perform its duties under the FCRA, Ms. Campbell has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

34. Kay Jewelers is liable to Ms. Campbell by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

35. Ms. Campbell has a private right of action to assert claims against Kay Jewelers arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Kay Jewelers for damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY KAY JEWELERS

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. After being informed by Equifax that Ms. Campbell disputed the accuracy of the information it was providing, Kay Jewelers willfully failed to conduct a proper reinvestigation of Ms. Campbell's dispute, and willfully failed to direct Equifax to report the discharged language for the Errant Trade Line.

38. Kay Jewelers willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

39. As a direct and proximate cause of Kay Jewelers' willful failure to perform its duties under the FCRA, Ms. Campbell has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

40. Kay Jewelers is liable to Ms. Campbell for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for

reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Kay Jewelers for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BMW

41. Plaintiff realleges the above paragraphs as if recited verbatim.
42. After being informed by Equifax of Ms. Campbell's consumer dispute of the bankruptcy discharged language of the Errant Trade Line, BMW negligently failed to conduct a proper investigation of Ms. Campbell's dispute as required by 15 USC 1681s-2(b).
43. BMW negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Equifax to report the discharged language for the Errant Trade Line.
44. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Campbell's consumer credit file with Equifax to which it is reporting such trade line.

45. As a direct and proximate cause of BMW's negligent failure to perform its duties under the FCRA, Ms. Campbell has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

46. BMW is liable to Ms. Campbell by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

47. Ms. Campbell has a private right of action to assert claims against BMW arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant BMW for damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BMW**

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. After being informed by Equifax that Ms. Campbell disputed the accuracy of the information it was providing, BMW willfully failed to conduct a proper reinvestigation of Ms. Campbell's dispute, and willfully failed to direct Equifax to report the discharged language for the Errant Trade Line.

50. BMW willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

51. As a direct and proximate cause of BMW's willful failure to perform its duties under the FCRA, Ms. Campbell has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

52. BMW is liable to Ms. Campbell for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant BMW for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Campbell as that term is defined in 15 USC 1681a.

55. Such reports contained information about Ms. Campbell that was false, misleading, and inaccurate.

56. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Campbell, in violation of 15 USC 1681e(b).

57. After receiving Ms. Campbell's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

58. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Campbell has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

59. Equifax is liable to Ms. Campbell by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

60. Plaintiff realleges the above paragraphs as if recited verbatim.

61. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Campbell as that term is defined in 15 USC 1681a.

62. Such reports contained information about Ms. Campbell that was false, misleading, and inaccurate.

63. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Campbell, in violation of 15 USC 1681e(b).

64. After receiving Ms. Campbell's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

65. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Campbell has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

66. Equifax is liable to Ms. Campbell by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: March 16, 2018

By: */s/ Alex Simanovsky*
Alex Simanovsky
Georgia Bar No. 646874
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345
Telephone: (678) 781-1012
Facsimile: (877) 570-5413
E-Mail: alex@a-s-law.com

Attorneys for Plaintiff,
Kei Shondra Campbell