IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KEI SHONDRA CAMPBELL ) | |
| ) | CIVIL ACTION FILE |
| Plaintiff, ) | NO. 4:18-cv-00053-JRH-GRS |
| v. ) | |
| ) | |
| BANK OF AMERICA, N.A., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM FOR RELIEF**

COMES NOW Defendant Bank of America, N.A. ("BANA" or "Defendant"), by and through counsel, and files this Reply in support of their Motion to Dismiss Plaintiff's Complaint pursuant to Local Rule 7.6. In support thereof, Defendant submits herewith the following memorandum of law containing arguments and citations of authorities.

**I.   INTRODUCTION**

This case was originally filed by Plaintiff, Kei Shondra Campbell ("Plaintiff") on March 16, 2018. [Doc. 1]. On June 25, 2018, Defendant filed a Motion to Dismiss Plaintiff's Complaint. [Doc. 11]. On August 13, 2018, Plaintiff filed a Response to Defendant's Motion to Dismiss the Complaint (the "Response"). [Doc. 17]. Plaintiff's Response to Defendant's Motion to Dismiss

fails to cure the defects in Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Response simply restates the factually deficient allegations from the Complaint, as if repeating a thing several times will somehow cure the deficient conclusory allegations and formulaic recitations.

The crux of the Complaint stems from allegations that Plaintiff filed a Chapter 7 Bankruptcy Case, and received a discharge. In turn, Plaintiff attempts to assert claims against BANA for alleged violations of the Fair Credit Reporting Act ("FCRA"). Specifically, Plaintiff alleges that BANA failed to furnish accurate credit information regarding Plaintiff's loan. Plaintiff alleges that BANA violated FCRA by failing to report the loan as discharged in bankruptcy, which Plaintiff allegedly disputed with the credit reporting agencies. However, BANA accurately reports the original loan balance, with said loan currently having a $0 balance. In addition, Plaintiff contends that BANA failed to conduct a reasonable investigation of Plaintiff's alleged dispute.

The Complaint fails to state a plausible claim for relief for a violation of the FCRA for at least the following reasons: (1) Plaintiff has not alleged that BANA failed to conduct a reasonable investigation, or that it received notice of Plaintiff's dispute; (2) BANA's credit reporting of Plaintiff's loan was accurate, (3) a determination of whether Plaintiff's bankruptcy discharge did or did not discharge

the Loan is a question of pure legal interpretation, and beyond the duties imposed upon Defendant under the FCRA, and (4) Plaintiff failed to allege that BANA's conduct caused Plaintiff damages, and fails to sufficiently allege actual damages.

Plaintiff's Response attempts misdirection by incorrectly alleging that Defendant "seeks to hold Plaintiff to a higher [pleading] standard than required by *Twonbly, Iqbal* and their progeny . . . seeks this Court to impose an impossible pleading standard . . . ." [Doc. 17, at 4].  In addition, Plaintiff's Response misses the mark, and appears puzzled with BANA's contention that "a discharge does not mean that the underlying debt is extinguished . . . and the underlying debt has not been extinguished." [Doc. 17, at 6].  Plaintiff clearly fails to understand that a debt continues to exist despite the entry of a Chapter 7 discharge, and that a discharge merely serves as a permanent injunction as to collection of the debt.  Thus, the entry of a discharge does not extinguish a debt, but merely prevents its collection. BANA reported Plaintiff's original outstanding debt, with a current balance of zero dollars owed.  In turn, BANA reported correct and accurate information to the CRAs.  Therefore, Plaintiff cannot maintain a claim for violation for the FCRA, because BANA reported correct information regarding Plaintiff's loan.

In essence, the Response merely re-alleges the same factually deficient claims from Complaint. [Doc. 1] and [Doc. 17].   As a consequence, Defendant's

3

Motion to Dismiss should be granted. Despite a potential duplication of Defendant's arguments previously asserted in the Motion to Dismiss, Defendant files this Reply to Plaintiff's Response pursuant to L.R. 7.6.

## II.   FACTUAL ALLEGATIONS

Plaintiff filed the instant Complaint asserting a FCRA claim against Defendant pursuant to 15 U.S.C. § 1681s-2(b). [Doc. 1, at 4-5]. However, Plaintiff does not sufficiently allege anywhere in the Complaint that Plaintiff and Defendant have a contractual relationship nor the basis for the existence on any other legal duty purportedly owed by Defendant to Plaintiff.

Despite Plaintiff's failure to allege any contractual relationship, it appears that Plaintiff's Complaint is referring to the loan with BANA dated April 5, 2006, in which Plaintiff obtained a loan from her original lender American Home Mortgage ("AHM"). Plaintiff executed a Note (the "Note") in the principal amount of $106,392.00. To secure repayment of the Note, Plaintiff executed a Security Deed (the "Security Deed") dated April 5, 2006, in favor of AHM granting a security interest in the Property. On March 13, 2015, the Security Deed was assigned ("Assignment") to Defendant BANA. On June 7, 2016 BANA was the successful and highest bidder at a non-judicial foreclosure sale.

The Complaint fails to allege, but it appears that on January 6, 2016, Plaintiff filed a petition for relief under Chapter 7 of Title 11 of the U.S.C., Case No. 16-40032-EJC (Bankr. S.D. Ga.) (the "Bankruptcy Case"). On June 2, 2016, Plaintiff purportedly received a Chapter 7 discharge pursuant to 11 U.S.C. § 727 in the Bankruptcy Case. [Doc. 1, at 3, ¶ 10]. It appears that Plaintiff is alleging that her Loan with BANA was subject to discharge, but that BANA failed to reflect the Loan was discharged. However, BANA reported the original balance of the Loan in the amount of $106,392.00, but with a current zero balance. Thus, BANA is reporting the Loan with a zero balance. In turn, Plaintiff appears to be alleging claims under the FCRA, 15 U.S.C. § 1681s-2(b), that such information regarding the Loan provided to CRAs by BANA was inaccurate and misleading, and that BANA failed to conduct a reasonable investigation of such information. [Doc. 1, at 2-6].

### III. PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE EACH CAUSE OF ACTION FAILS AS A MATTER OF LAW.

**A. Plaintiff Fails to State a Claim for Violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681s-2(b) Because Plaintiff Failed to Allege That BANA Received Notice of the Dispute And Failed to Conduct a Reasonable Investigation.**

Plaintiff alleges that BANA violated FCRA, 15 U.S.C. § 1681s-2(b) alleging that Defendant BANA willfully, or in the alternative, negligently, violated 15

5

U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies.

For a plaintiff to prevail on a FCRA claim pursuant to § 1681s-2(b), the plaintiff must allege and establish: that they notified the CRA and disputed the completeness or accuracy of the information in the credit report that was furnished by defendant (furnisher); the CRA gave notice of plaintiff's dispute to defendant as a furnisher, and defendant did any one of the following (1) failed to conduct a reasonable investigation; (2) failed to review all relevant information provided by the CRA, and (3) failed to report the results of its investigation to the CRA, or (4) if an item is disputed by plaintiff was found to be accurate, it failed to modify, delete, or block that item of information. *Henderson v. BAC Home Loans Serv., LP,* No. 1:10-cv-3137-TCB, 2011 WL 10843391 (N.D. Ga. June 29, 2011).

Fed. R. Civ. P. 8(a)(2) requires a showing of factual support rather than a blanket assertion of entitlement to relief. Thus, district courts regularly dismiss Section 1681s-2(b) claims where the plaintiff's allegations are mere legal conclusions or simply restate the statutory elements without any factual support. *See Eisberner v. Discover Products, Inc.,* 921 F. Supp.2d 946, 949 (E.D. Wis. 2013) (FCRA claim dismissed on grounds that the complaint contained no factual allegations about the defendants' investigation procedures, and thus the allegation

that defendants failed to conduct reasonable investigations was a bare legal conclusion); *Tshai Budhi v. BAC Home Loans Servicing, LP,* No. 1:11-cv-2785, 2012 WL 1677253, *6 (N.D. Ga. Apr. 16, 2012) (FCRA claim dismissed on the grounds that the complaint contained no factual allegations about defendants' investigation procedures); *Ware v. Bank of America Corp.*, 9 F. Supp.3d 1329 (N.D. Ga. 2014) (to survive a motion to dismiss on a 15 U.S.C. § 1681s-2(b) claim, plaintiff must allege that defendant received proper notice from the CRA); *see also Pinckney v. SLM Fin. Corp.*, 433 F. Supp.2d 1316, 1319 (N.D. Ga. 2005). Federal courts in the Eleventh Circuit have consistently held that a complaint fails to state a claim under § 1681s-2(b) if it does not allege the furnisher was notified of the dispute by the CRA. *Green v. RBS Nat'l Bank,* 288 Fed. Appx 641, 642 (11th Cir. 2008); *Neal v. Equifax Credit Info. Services, Inc.,* No. 1:03-cv-761, 2004 WL 5238126 (N.D. Ga. Mar. 4, 2005).

In this case, Plaintiff fails to provide <u>any</u> factual detail indicating Defendant BANA received the proper notice of Plaintiff's dispute from the CRAs as required pursuant to 15 U.S.C. § 1681i(a)(2). Rather, Plaintiff merely provides the formulaic recitation and legal conclusion "Upon information and belief, Equifax forwarded Plaintiff's dispute to BANA." [Doc. 1, ¶ 14], [Doc. 17, at 2]. Thus, Plaintiff has failed to allege any specific facts indicating that BANA received

7

notice of Plaintiff's dispute from any CRA. Merely parroting the elements of a FCRA claim is insufficient. *See, e.g., Peart v. Shippie*, 345 F. Appx 384, 386 (11th Cir. 2009) (concluding the plaintiff's complaint failed to state a FCRA claim because the plaintiff did not allege that the furnisher of information failed to conduct an investigation into plaintiff's credit history after being notified of a dispute by a CRA); *Eisberner v. Discover Products, Inc.,* 921 F.Supp.2d 946, 949 (E.D. Wis. 2013) (FCRA claim dismissed on the grounds that the "complaint contained no factual allegations about defendants' investigation procedures, and thus the allegation that the defendants failed to conduct reasonable investigations was another bare legal conclusion.").

Accordingly, Plaintiff has failed to plead a necessary condition precedent, to state a claim for relief under 15 U.S.C. § 1681s-2(b). As such, Plaintiff has failed to state a claim for relief under § 1681s-2(b) as a matter of law.

**B. Plaintiff Cannot State a Claim for a Violation of § 1681s-2(b) Because the Dispute Consisted of a Legal Interpretation Not a Factual Dispute. Moreover, BANA Reported the Loan With a Zero Balance, so Plaintiff Fails to Explain How The Credit Reporting is Inaccurate.**

Even if Plaintiff pled sufficient facts that he notified the CRAs that he disputed the completeness or accuracy of information in his credit report that was furnished by Defendant, and that the CRA gave notice of Plaintiff's dispute to

8

Defendant as a furnisher, Plaintiff has still failed to state a claim under § 1681s-2(b), as such statute only penalizes inaccuracies of fact, not legal conclusions. *Chiang v. Verizon New England Inc.,* 595 F.3d 26 (1st Cir. 2010) (a plaintiff's required showing under § 1681s-2(b) is factual inaccuracy, rather than the existence of disputed legal questions, furnishers are neither qualified nor obligated to resolve matters that turn on questions that can only be resolved by a court of law); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008).

In this case, Plaintiff alleges she received a Chapter 7 bankruptcy discharge pursuant to 11 U.S.C. § 727.  Plaintiff alleges that Defendant BANA failed to report the Loan was discharged.  However, Defendant BANA did report Plaintiff's Loan with a $0 balance. The determination of whether Plaintiff's bankruptcy discharge did or did not discharge the Loan is a question of pure legal interpretation, and beyond the duties imposed upon Defendant under § 1681s-2(b). *Schueller v. Wells Fargo & Co.*, 559 Fed. Appx 733, 737 (10th Cir. 2014) (dismissing plaintiff's FCRA claim because reporting by mortgage company of an account as being discharged in bankruptcy with a zero balance was not inaccurate or misleading despite the fact that plaintiff continued making mortgage payments to prevent repossession of his home).

Plaintiff fails to state a claim under § 1681s-2(b) because the FCRA only penalizes inaccuracies of fact, not legal conclusions. *Chiang v. Verizon New England Inc.,* 595 F.3d 26 (1st Cir. 2010) (a plaintiff's required showing under § 1681s-2(b) is factual inaccuracy, rather than the existence of disputed legal questions, furnishers are neither qualified nor obligated to resolve matters that turn on questions that can only be resolved by a court of law); *Hupfauer v. Citibank, N.A.,* No. 16 C 475, 2016 U.S. Dist. LEXIS 112227, at *22-23 (N.D. Ill. Aug. 19, 2016) (dismissing FCRA claim because the alleged inaccuracy that requires a third party to "scour" a bankruptcy file and make judgments about which debts are included "is precisely the kind of legal question that credit reporting agencies are neither qualified nor obligated to answer."); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008).

In other words, the determination if a debt has been discharged in bankruptcy is a pure legal question. BANA simply had no obligation under the FCRA to resolve the legal question presented in Plaintiff's Complaint prior to reporting accurate, factual information about Plaintiff's BANA Loan. As such, the credit report here is as complete as could be determined. Accordingly, Plaintiff has failed to plausibly state a claim for relief under § 1681s-2(b).

### C. Plaintiff Has Failed To Adequately Allege FCRA Causation and Damages.

Plaintiff alleges that she is entitled to recover damages under 15 U.S.C. §§ 1681n and 1681o. [Doc. 1, at 3, ¶ 16, at 4-6, ¶¶ 17-28]. However, Plaintiff fails to allege damages with any degree of specificity.

The FCRA authorizes two types of civil claims: negligent claims pursuant to 15 U.S.C. § 1681o, and willful claims pursuant to 15 U.S.C. § 1681n. Recovery for a negligent violation is limited to the amount of actual damages and attorneys' fees and costs. 15 U.S.C. § 1681o. *Moore v. Equifax Info. Servs.,* 333 F. Supp.2d 1360 (N.D. Ga. 2004); *Levine v. World Fin. Network Nat'l Bank,* 437 F.3d 1118 (11th Cir. 2006). Additionally, to prevail on a FCRA claim based on negligence, a plaintiff must show: (1) that he suffered injury, and (2) that the injury was caused by the inclusion of inaccurate information in his credit report. *Cahlin v. General Motors Acceptance Corp.,* 936 F.2d 1151 (11th Cir. 1991). Sufficient allegations of causation and damages are necessary to state a viable claim under of FCRA. *Ray v. Equifax Information Solutions, Inc.,* 327 Fed. App'x 819, 826 (11th Cir. 2009).

The courts have general recognized willfulness under the FCRA to encompass a reckless disregard. *Safeco Ins. Co. of Am. V. Burr,* 127 S. Ct. 2201 (2007). A successful FCRA plaintiff is entitled to a damage award varies depending on the willfulness of the breach. If the breach is willful, the plaintiff is

entitled to recover either actual damages, or statutory damages (from $100-$1000), whichever is greater, in addition to fees and cost – again "actual damages" may include damages for emotional distress. The court may also impose punitive damages to punish a willful violation of the FCRA. 15 U.S.C. § 1681n. A willful violation is generally a conscious disregard of the law, which means either knowing that policy or action to be a contravention of the rights possessed by consumers pursuant to FCRA, or in reckless disregard of whether the policy contravened those rights. *Reynolds v. Hartford Fin. Servs. Group, Inc.* 435 F.3d 1081 (9th Cir. 2006). A willful violation requires a high threshold showing that the furnisher acted with reckless disregard – a mere moving slow to complete an investigation may be negligent but not willful, instead concealment or deletion of information are examples of willful conduct. *Id.*

After asserting a formulaic recitation of the elements of an FCRA violation, Plaintiff asserts that she has suffered actual damages with a general allegation of avoiding obtaining new credit and general emotional damages. However, there is no allegation that Plaintiff's credit report has been accessed by any third parties or that Plaintiff has been denied any credit on the basis of the purported inaccuracies. *See Cahlin*, 936 F.2d at 1160-61 (holding that there must be a causal connection, beyond plaintiff's bare allegations, that there was a denial of credit related to the

erroneous report). Moreover, Plaintiff has not alleged any facts that would support a finding that BANA willfully provided inaccurate information or willfully failed to conduct a reasonable investigation. Plaintiff fails to allege damages with any degree of specificity.

As a result, Plaintiff has failed to allege sufficient facts to state a claim for a FCRA violation, let alone that such violation was negligent or willful, and provides no facts indicating that she suffered any damages as a result of Defendant's conduct. Plaintiff has utterly failed to allege a sufficient causal connection between any inaccurate reporting, failure to investigate, or failure to correct Plaintiff's credit information that was a substantial factor in causing her alleged injuries. Therefore, Plaintiff has failed to state a claim under FCRA as a matter of law.

## IV.   CONCLUSION

In sum, Plaintiff does not allege that BANA failed to conduct a reasonable investigation, or that it received notice of the dispute from Equifax. Moreover, it is not clear that any of the information regarding the Loan furnished by BANA was false, misleading or inaccurate – Plaintiff filed a Chapter 7 Bankruptcy Case that was discharged, and while BANA did not report the Loan as discharged, it did report the Loan with a zero balance. As noted, the determination whether the Loan

was subject to discharge is a pure legal interpretation, and such § 1681s-2(b) only penalizes inaccuracies of fact not legal interpretation. Therefore, the information furnished by BANA is accurate for the purposes of the FCRA. Finally, Plaintiff fails to allege damages with any degree of specificity. Thus, Plaintiff has failed to plausibly state a claim that BANA violated the FCRA.

WHEREFORE, for the above and foregoing reasons, Defendant respectfully requests that this Court grant their Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim for Relief dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

This 16th day of August, 2018.

        /s/ Jennifer Burbine
Jennifer Burbine
Georgia Bar No. 167807
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5736 (Telephone)
(404) 443-5772 (Facsimile)
jburbine@mcguirewoods.com

*Attorneys for Defendant Bank of America, N.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| KEI SHONDRA CAMPBELL | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO. 4:18-cv-00053-JRH-GRS |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on August 16, 2018, I electronically filed the foregoing *Reply in Support of Defendant's Motion to Dismiss with Memorandum of Law in Support* with the Clerk of the Court using the CM/ECF System that served a true and correct copy of same on all counsel of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.


                                              /s/ Jennifer Burbine
                                              Jennifer Burbine