**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

KEI SHONDRA CAMPBELL,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC; BANK OF AMERICA, N.A.; and BMW OF NORTH AMERICA, LLC,

    Defendants.[1]

CIVIL ACTION NO.: 4:18-cv-53

## O R D E R

On March 16, 2018, Plaintiff Kei Shondra Campbell filed a Complaint pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, alleging Defendants negligently and willfully violated their duties under the Act. (Doc. 1.) Specifically, Plaintiff asserts that Defendants Bank of America, N.A. ("Defendant" or "BANA") and BMW of North America, LLC ("BMW") failed to furnish accurate information to co-Defendant Equifax Information Services, LLC ("Equifax") after notice of a valid dispute, in violation of Section 1681s-2(b). (Id.) Presently before the Court is Defendant BANA's Motion to Dismiss for Failure to State a Claim, (doc. 11), to which Plaintiff filed a Response in opposition, (doc. 17), and Defendant a Reply, (doc. 18). Defendant BANA moves to dismiss Plaintiff's claims against it, arguing that her claims are insufficiently pleaded and are otherwise not cognizable under the FCRA. (Doc. 11; see also doc. 18.) Plaintiff counters that her claims are well-pleaded and cognizable,

---

[1] Plaintiff and Defendants BMW of North America, LLC and Equifax Information Services, LLC have filed Stipulations of Dismissal with prejudice, and without costs or attorney's fees to either party, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Docs. 24, 25.) Accordingly, the Court **DISMISSES with prejudice** Plaintiff's action against Defendants BMW of North America, LLC and Equifax Information Services, LLC and **DIRECTS** the Clerk of Court to **TERMINATE** these parties as Defendants on the docket of this case.

and to the extent they are not, she seeks leave to amend. (Doc. 17.) For the reasons set forth below, the Court **DENIES** Defendant BANA's Motion to Dismiss. (Doc. 11.) Further, the Court **ORDERS** the parties to file a Status Report within **twenty-one (21) days** from the date of this Order.[2]

## PLAINTIFF'S ALLEGATIONS[3]

This action arises out of Defendant BANA's allegedly inaccurate reporting of its "trade lines" on Plaintiff Campbell's Equifax consumer credit file. (Doc. 1, p. 2.) Sometime prior to June 2, 2016, Plaintiff filed for Chapter 7 bankruptcy, and on or about June 2, 2016, Plaintiff received an order of discharge from the bankruptcy court. (Id. at p. 3.) In late August 2017, Plaintiff obtained her credit files from Equifax and discovered that BANA (among others) was inaccurately reporting its trade line (also referred to as an "Errant Trade Line") therein by failing to indicate that its account was discharged in Plaintiff Campbell's bankruptcy proceedings. (Id. at pp. 2–3.) Upon learning of these Errant Trade Lines, Plaintiff submitted a letter to Equifax around December 7, 2017, disputing the inaccuracies. (Id.) "In the dispute letter, Ms. Campbell explained that the subject accounts were discharged, attached the order of discharge[,] and asked Equifax to report the Errant Trade Lines as discharged in bankruptcy." (Id.) Equifax then forwarded Plaintiff's dispute to Defendant. (Id.) However, on February 1, 2018, Plaintiff again obtained her Equifax credit file and it still showed Errant Trade Line for the BANA account. (Id. at p. 4.) Meaning, after Plaintiff filed her dispute, her credit file continued to "fail to report that the subject accounts were discharged." (Id.)

---

[2] The Report shall conform to the language and format of Judge Baker's Status Report Form located on the Court's website, www.gasd.uscourts.gov, under "Forms" and "Judge Baker-Instructions and Forms."

[3] The below-recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

Counts I and II of the Complaint pertain to Defendant BANA. In Count I, Plaintiff alleges that Defendant negligently violated of the FCRA because, after Equifax informed Defendant of Plaintiff's consumer dispute regarding "the bankruptcy discharge[] language of the Errant Trade Line, [Defendant] negligently failed to conduct a proper investigation of [Plaintiff's] dispute" as required by the FCRA. (Id. at p. 4.) Defendant also "negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation" as required by the FCRA, and "failed to direct Equifax to report the discharge[] language for the Errant Trade Line." (Id.) In Count II, Plaintiff alleges that Defendant BANA willfully violated the FCRA because, after being notified by Equifax of Plaintiff's consumer dispute, it "willfully failed to conduct a proper reinvestigation of [Plaintiff's] dispute," "willfully failed to direct Equifax to report the discharge[] language," and "willfully failed to review all relevant information available to it and provided by Equifax as required by [the FCRA]." (Id. at pp. 5–6.)

Plaintiff claims that BANA's Errant Trade Line "is inaccurate and creating a misleading impression on [Plaintiff's] consumer credit file with Equifax." (Id. at p. 5.) Due to Defendant's failure to correct the inaccuracies raised by Plaintiff's dispute, she has suffered credit harm, including refraining "from applying for new credit or more favorable terms on existing credit lines," and emotional harm, including "mental anguish, suffering, humiliation, and embarrassment." (Id. at pp. 4–5.) As relief for Defendant's alleged negligent and willful violations of FCRA Section 1681s-2(b), Plaintiff seeks actual, statutory, and punitive damages along with reasonable attorney's fees as provided for by Sections 1681o and 1681n of the FCRA. (Id. at pp. 5–6.)

**STANDARD OF REVIEW**

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009) (citation omitted). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" does not suffice. Ashcroft, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (citation and internal quotations omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id. Rather, the complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which it rests." Twombly, 550 U.S. at 556 (citation and internal quotations omitted).

**DISCUSSION**

Defendant argues Plaintiff's claims should be dismissed because her Complaint "merely parrot[s] the elements of a[n] FCRA claim" and fails to "allege specific facts regarding the

4

communications from [Equifax] or BANA's investigative procedures." (Doc. 11, p. 8.) Defendant also contends Plaintiff "fails to explain how the credit reporting is inaccurate" and that any inaccuracy alleged concerns the legal status of her debt, "a pure question of law that the FCRA does not reach." (Id. at pp. 9–10.) Specifically, Defendant urges that "[t]he fact that [it] may be unable to collect on the debt after Plaintiff received a discharge does not mean that the underlying debt is extinguished [and] Plaintiff does not dispute the accuracy of any reporting about the outstanding balance on her loan." (Id. at p. 9.) Lastly, Defendant asserts that Plaintiff fails to plead sufficient facts as to willfulness, causation, and damages. (Id. at pp. 12–13.) Defendant reiterates these arguments in its Reply.[4] (See Doc. 18.)

In response, Plaintiff counters that she has pleaded sufficient facts, arguing that "BANA seeks this Court to impose an impossible pleading standard, as Plaintiff cannot know the

---

[4] In an apparent effort to disprove Plaintiff's allegations, Defendant's Reply offers numerous unsupported factual contentions and arguments regarding the underlying debt and the information it claims it furnished to Equifax. (See Doc. 18, pp. 4–5, 9–10, 13–14 (offering detailed information concerning the execution and eventual foreclosure of the underlying loan, the pre-bankruptcy debt amount, and what Defendant claims it reported to Equifax).) These factual details are not mentioned in Plaintiff's Complaint or in any documents attached as exhibits thereto. (In fact, there were no documents appended to the Complaint.) The Court disregards these factual contentions and the arguments made thereunder for three reasons: First, Defendant initially makes them in its Reply rather than it its Motion to Dismiss, (see docs. 11, 18). "[A]rguments raised for the first time in a reply brief are not properly before a reviewing court." Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005) (citation omitted). Secondly, Defendant's Motion to Dismiss for Failure to State a Claim is not the appropriate vehicle for making fact-based arguments that dispute the factual accuracy of the allegations made in the Complaint. On a motion to dismiss, the Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." Belanger, 556 F.3d at 1155. "The scope of review must be limited to the four corners of the complaint," St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) (citation omitted); otherwise, unless such extraneous matters are excluded, the Court is obligated to treat the motion as one for summary judgment and provide an opportunity for response, Fed. R. Civ. P. 12(d). Finally, even if the Court were inclined to consider Defendant's factual assertions at this time, Defendant offers no supporting documentary evidence for the factual details raised. See Speaker v. United States HHS CDC & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010) (recognizing court's discretion on a 12(b)(6) motion to consider matters outside the complaint "where certain *documents* and their contents are undisputed" (emphasis added)). Based on the record before the Court, the veracity of Defendant's factual claims and the extent to which Plaintiff may dispute them are altogether unclear. Accordingly, the Court does not consider these extraneous factual allegations and related arguments during its assessment of Defendant's Motion to Dismiss.

5

communications between Equifax and BANA or BANA's investigative procedures until Plaintiff engages in discovery." (Doc. 17, pp. 4–5.) Further, Plaintiff emphasizes that the inaccuracy she complains of is BANA's trade line which fails to report the bankruptcy discharge of the subject account. (Id. at pp. 5–6.) As to willfulness, causation, and damages, Plaintiff asserts that the facts and allegations in her Complaint "support a plausible claim for relief" and that the level of specificity Defendant seeks is not required at the pleading stage. (Id. at pp. 6–8.)

Upon review of Plaintiff's Complaint and Defendant's Motion as well as all supporting briefs, (docs. 1, 11, 17, 18), the Court finds Plaintiff has stated a plausible claim for relief. As explained below, the allegations Plaintiff levies in her Complaint against Defendant BANA, taken as true and construed in her favor, present enough factual content to state a cognizable claim under Section 1681s-2(b) of the FCRA.

## I.    The FCRA and Section 1681s-2(b) Claims

The FCRA imposes certain duties on entities that furnish information to credit reporting agencies, or "furnishers," to ensure the accuracy of their reporting. 15 U.S.C. § 1681s-2(b). Under Section 1681s-2(b), a furnisher of information to a credit reporting agency ("CRA") must, upon receipt of notice from the CRA, investigate information disputes and report to the agency whether any disputed information the furnisher had provided was incomplete or inaccurate. The furnisher is charged with, *inter alia*, conducting an investigation as to the disputed information, reviewing all relevant information provided by the CRA, and promptly modifying as appropriate any item of information found to be inaccurate or incomplete. Id. § 1681s-2(b)(1)(A), (C), (E); see Hinkle v. Midland Credit Mgmt., Inc., 827 F.3d 1295, 1301 (11th Cir. 2016) (detailing these requirements). If a furnisher does not comply with its Section 1681s-2(b) obligations, the FCRA

provides for civil liability under Section 1681n (willful violations) and Section 1681o (negligent violations).

To raise a cognizable claim regarding inaccurate or incomplete information provided by a furnisher, consumers must initiate their dispute with a CRA by notifying the agency that they dispute certain information contained in their credit report.[5]  Green v. RBS Nat'l Bank, 288 F. App'x 641, 642–43 (11th Cir. 2008) (per curiam).  The CRA must then notify the furnisher about the dispute, triggering the furnisher's duties under § 1681s-2(b).  Hinkle, 827 F.3d at 1301; Green, 288 F. App'x at 642–43.

> Upon receipt of this notice, the furnisher of information must: (1) "conduct an investigation with respect to the disputed information"; (2) "review all relevant information provided by the [CRA]" in connection with the dispute; and (3) "report the results of the investigation to the [CRA]."  [15 U.S.C.] § 1681s-2(b)(1).  Should the investigation determine that the disputed information is "inaccurate or incomplete or cannot be verified," the furnisher must "as appropriate, based on the results of the reinvestigation promptly . . . modify [,] . . . delete [or] permanently block the reporting" of that information to CRAs.  Id. § 1681s-2(b)(1)(E).  The CRAs must also delete or modify the information based on the results of reinvestigation.  Id. § 1681i(a)(5)(A)(I).

Hinkle, 827 F.3d at 1301.  "Section 1681s-2(b) thus 'contemplates three potential ending points to reinvestigation: verification of accuracy, a determination of the inaccuracy or incompleteness, or a determination that the information cannot be verified.'"  Felts v. Wells Fargo Bank, N.A., 893 F.3d 1305, 1312 (11th Cir. 2018) (quoting Hinkle, 827 F.3d at 1301–02).  "A furnisher may verify that the information is accurate by uncovering documentary evidence that is sufficient to prove that the information is true, or by relying on personal knowledge sufficient to establish the truth of the information."  Id. (citation and internal quotations omitted).

---

[5] A consumer can additionally dispute information directly with a furnisher, 15 U.S.C. § 1681s-2(a)(8), but may not maintain a private cause of action against the furnisher under this subsection, id. § 1681s-2(c)(1).  See also Green, 288 F. App'x at 642 & n.2 (no private right of action for § 1681s-2(a) violation, enforcement limited to federal agencies and officials as well as state officials (citations omitted)).

Although not yet squarely addressed by the Eleventh Circuit Court of Appeals, the First Circuit has held that a furnisher's duties under this section are limited to determining the accuracy and completeness of fact disputes rather than resolving matters that turn on disputed legal questions. Chiang v. Verizon New Eng., Inc., 595 F.3d 26, 38 (1st Cir. 2010); cf. Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151, 1160 (11th Cir. 1991) (observing that an FCRA claim for failure to investigate "is properly raised when a particular credit report contains a *factual* deficiency or error that could have been remedied by uncovering additional facts").[6] The FCRA creates a private cause of action for a consumer against furnishers of credit information for willful or negligent violations of the duties imposed under Section 1681s-2(b). Peart v. Shippie, 345 F. App'x 384, 386 (11th Cir. 2009) (per curiam); Ray v. Equifax Info. Servs., LLC, 327 F. App'x 819, 826 (11th Cir. 2009) (per curiam); see 15 U.S.C. §§ 1681s-2(c), 1681n, 1681o.

## II.  Whether Plaintiff States a Claim for Relief Under § 1681s-2(b)

As noted above, Defendant challenges the sufficiency of Plaintiff's factual allegations and the extent to which her claims are legally cognizable under the FCRA. (Doc. 11.) The Court, however, finds that Plaintiff states a claim upon which relief can be granted.

### A.  Plaintiff Alleges Sufficient Facts to State a Claim

Plaintiff alleges that Defendant BANA violated § 1681s-2(b) by failing, after receiving notice of Plaintiff's dispute from Equifax, to properly investigate the disputed trade line, to review all relevant information available to it and provided by Equifax, and to report the

---

[6] Similarly, with respect to claims against CRAs as opposed to furnishers, multiple courts of appeals have held that the FCRA does not require these agencies to decide disputed legal questions when a consumer challenges information in her credit report. See, e.g., Wright v. Experian Info. Sols., Inc., 805 F.3d 1232, 1242 (10th Cir. 2015) ("A reasonable reinvestigation, however, does not require CRAs to resolve legal disputes about the validity of the underlying debts they report."); Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 892 (9th Cir. 2010); DeAndrade v. Trans Union LLC, 523 F.3d 61, 67–68 (1st Cir. 2008).

discharged language for the disputed trade line. (See Doc. 1, pp. 4–6.) Moreover, Plaintiff alleges that the disputed trade line concerned a Chapter 7 bankruptcy discharge that was not properly reflected in her consumer credit file and that she provided Defendant BANA, by way of her dispute letter to Equifax, specific dates regarding the discharge, a copy of the discharge order itself, and indication of the subject accounts. (See id. at p. 3.) Plaintiff generally states she has suffered credit and emotional damages of various types due to Defendant's negligent and willful violations of the FCRA. (See id. at pp. 4–6.) Defendant avers that Plaintiff's § 1681s-2(b) claims fails because she has not offered enough specific facts explaining how BANA's investigation was unreasonable, what Equifax communicated to BANA, how BANA caused her damages, and the nature of BANA's willfulness. (See Doc. 11, pp. 7–9, 10–13.) At the pleading stage of litigation, however, such factual specificity is not required to state a plausible claim.

In the Complaint, Plaintiff plainly alleges that Defendant BANA, "after properly receiving notice of the dispute from [Equifax], failed to uphold the duties enumerated in 15 U.S.C. § 1681s-2(b) and [she] therefore has stated a claim for relief." Pinckney v. SLM Fin. Corp., 433 F. Supp. 2d 1316, 1319 (N.D. Ga. 2005). Furthermore, Defendant's reading of Plaintiff's Complaint misses key factual allegations. For instance, Defendant argues that Plaintiff failed to state "any facts regarding either what was communicated to BANA by the CRAs or BANA's investigation procedures." (Doc. 11, p. 7.) On the contrary, Plaintiff alleges that "Equifax forwarded Ms. Campbell's dispute to [BANA]," which "explained that the subject accounts were discharged [and] attached the order of discharge [from her Chapter 7 bankruptcy proceedings]." (Doc. 1, p. 3.) By providing specific facts about who communicated what to BANA regarding Plaintiff's dispute and the nature of Plaintiff's dispute, this allegation suffices to state a claim as to notice from a CRA. Cf. Henderson v. BAC Home Loans Servicing, LP,

No. 1:10-CV-3137-TCB, 2011 WL 10843391, at *4 (N.D. Ga. June 29, 2011) (dismissing case because the plaintiff did not allege that a CRA notified the furnisher that the plaintiff disputed information provided by the furnisher).

And while Plaintiff shortly alleged that Defendant "failed to conduct a proper investigation" and "failed to review all relevant information available to it and provided by Equifax," (doc. 1, p. 4), these allegations are sufficient to state a claim with respect to the investigation. Cf. Peart, 345 F. App'x at 386 (dismissing case because the plaintiff did not allege that the furnisher failed to conduct an investigation upon notice of a dispute by a CRA). Moreover, when considered in the context of Plaintiff's entire Complaint, these contentions permit the Court to infer that BANA could be liable under § 1681s-2(b) for its alleged improper investigation and failure to review, because Plaintiff's February 1, 2018 credit report maintained the same Errant Trade Lines from Defendant, despite Equifax forwarding her detailed dispute to BANA.[7] (Doc. 1, p. 3.) See Taylor v. Georgia Power Co., No. CV 215-006, 2016 WL 627352,

---

[7] Defendant cites Eisberner v. Discover Products, Inc., 921 F. Supp. 2d 946, 949 (E.D. Wis. 2013) and Tshai Budhi v. BAC Home Loans Servicing, L.P., No. 1:11-CV-2785-TWT-AJB, 2012 WL 1677253, at *6 (N.D. Ga. Apr. 16, 2012), for the proposition that Plaintiff must plead specific facts about BANA's investigation procedures in order to survive a motion to dismiss. (Doc. 11, p. 9; doc. 18, pp. 6–7.) Although these cases did dismiss in part for that reason, they are distinguishable from the case at bar and against the weight of authority as indicated by the cases cited herein. In Eisberner, the debts at issue had not been discharged by a bankruptcy court (as they have here) but were merely subject to a pending bankruptcy plan. 921 F. Supp. 2d at 947. The court noted that "[a]t the conclusion of their investigations, the credit-reporting agencies [had] provided [the plaintiff] with copies of the reports they had received from the [furnisher-defendants]" and "[t]he reports indicated that each of the defendants had described the status of her debts as 'charged off,'" and that each defendant had "also updated the 'balance' of each account to reflect the payments she had made pursuant to her [bankruptcy] plan." Id. The court thus took issue with the plaintiff's failure to allege how and why these responsive acts were incomplete, inaccurate, or both and how they exhibited a failure to conduct a reasonable investigation, but the court ultimately provided the plaintiff with leave to amend. Id. Here, Plaintiff's claim is far more black-and-white. She alleges that her debts with BANA were discharged in bankruptcy, that this status is not reflected on her credit report, and that, as evidenced by its neglecting to take any action after she lodged a dispute, it failed to conduct a proper investigation. In Tshai Budhi, the court primarily dismissed because the plaintiff's case rested on the legal effect of a state statute of limitations on debt collection, noting that was the "dispositive question." See 2012 WL 1677253, at *6. Here, no statute of limitations is at issue.

at *4 (S.D. Ga. Feb. 16, 2016) (denying motion to dismiss where the plaintiff alleged that, "[i]n response to Equifax's notice of a dispute, [the furnisher] simply 'responded' that the outstanding balance on the account was correct," because "[a]n inference can be drawn from this statement that [the furnisher] failed to properly investigate [the] claim"); see also Bowers v. Navient Sols., LLC, No. 2:18-CV-166-MHT-DAB, 2018 WL 7568368, at *3 (M.D. Ala. Dec. 27, 2018) (denying motion to dismiss claim of negligent violation of FCRA where the plaintiff alleged, *inter alia*, that the furnisher "failed to conduct a reasonable inquiry" and "failed to review all of the information provided by the CRAs"); Hamm v. Equifax Info. Servs. LLC, No. CV-17-03821-PHX-JJT, 2018 WL 3548759, at *4 (D. Ariz. July 24, 2018) (denying motion to dismiss where the plaintiff alleged that the defendant failed to conduct a reasonable investigation and stating, "Although [d]efendant may well present evidence at summary judgment demonstrating that its [investigation] procedures were reasonable, that is a question for another day."); O'Loughlin v. Equifax, Inc., 115 F. Supp. 3d 1375, 1377–78 (S.D. Fla. 2015) (denying motion to dismiss based on the plaintiff's allegations that the furnisher "failed to reasonably investigate" and "furnished inaccurate information").

In addition, Defendant avers that Plaintiff failed to plausibly allege causation as she did not state facts showing that her "credit report [was] accessed by any third parties or that [she

---

Accordingly, these cases fail to establish that, in order to state a viable claim, FCRA plaintiffs must plead with particularity facts which show a furnisher undertook a faulty investigation. Moreover, if it existed and was generally applied, such a requirement would pose an almost insurmountable barrier to consumers wishing to bring meritorious FCRA claims. Plaintiffs would be precluded from vindicating their rights at the outset unless they somehow had insider knowledge of a furnisher's internal investigatory procedures prior to filing suit. It is hard to discern how a consumer could know such specific facts without the benefit of discovery. Neither Federal Rule of Civil Procedure 8 nor the plain text of the FCRA requires such a heightened showing at the Motion to Dismiss stage. See also United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003) ("Courts typically allow the pleader an extra modicum of leeway where the information supporting the complainant's case is under the exclusive control of the defendant."). Moreover, such a requirement would frustrate Congress' purpose behind the FCRA by precluding most Section 1681s-2(b) claims and the credit reporting accuracy they protect. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007) ("Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.").

11

was] denied any credit on the basis of the purported inaccuracies." (Doc. 11, p. 12 (citing Cahlin, 936 F.2d at 1160–61).) Defendant also avers that Plaintiff "has not alleged any acts that would support a finding that BANA" acted willfully. (Id.) At this stage of the litigation, Plaintiff is not required to allege causation, damages, and willfulness with the degree of factual specificity that Defendant demands.

As to causation and damages, general allegations of harm are sufficient to state an FCRA claim when the complaint as a whole supports the inference that the defendant is liable for the claim. See Levine v. World Fin. Network Nat'l Bank, 437 F.3d 1118, 1123–24 (11th Cir. 2006) (reversing dismissal). For an FCRA claim, "the existence of compensable emotional distress is relevant to the amount of damages a plaintiff will ultimately recover, not to whether an individual has adequately stated a *prima facie* claim." Id. at 1124 (citation omitted). Likewise, the existence of specific facts showing that Plaintiff suffered credit or emotional harm as a result of Defendant's alleged inaccurate credit reporting will determine what damages Plaintiff may ultimately recover, not whether she has stated a plausible claim as to damages. See also Moore v. Equifax Info. Servs. LLC, 333 F. Supp. 2d 1360, 1365 (N.D. Ga. 2004) ("[D]amages for mental distress are recoverable under the FCRA even if the consumer has suffered no out-of-pocket losses" such as being charged a higher interest rate due to an inaccurate report.) Furthermore, Cahlin v. General Motors Acceptance Corp., Defendant's cited authority, is inapposite because there the Eleventh Circuit considered whether the plaintiff adduced sufficient evidence of harm at summary judgment rather than whether the plaintiff alleged sufficient facts in his complaint. See 936 F.2d at 1161 ("We stress that Cahlin had the affirmative duty of coming forward with evidence supporting his claim that TRW's alleged inaccurate report caused

12

him harm. Despite more than adequate opportunity for discovery, he has failed to meet this burden . . . .").

As to willfulness under Section 1681n of the FCRA, the United States Supreme Court has held that willful violations must be "knowing" or "reckless." Safeco, 551 U.S. at 57–58. An entity subject to the FCRA acts recklessly when its action is both "a violation under a reasonable reading of the statute's terms" and "shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. at 69. Under the Federal Rules of Civil Procedure, conditions of the mind such as knowledge may be alleged generally at the pleading stage. Fed. R. Civ. P. 9(b); United States ex rel. Matheny v. Medco Health Sols., Inc., 671 F.3d 1217, 1224 (11th Cir. 2012). In her Complaint, Plaintiff alleges that BANA, upon notice of her dispute from Equifax, "willfully failed to conduct a proper reinvestigation" and "willfully failed to review all relevant information available to it and provided by Equifax." (Doc. 1, pp. 5–6.) Given that Plaintiff may generally allege conditions of the mind, such as willfulness, her allegations are sufficient to survive dismissal; Defendant's arguments to the contrary are without merit.

In sum, the Court finds that Plaintiff has stated a plausible claim for relief under the FCRA. Plaintiff has alleged sufficient facts—namely that BANA violated § 1681s-2(b) by failing to accurately report that her debts on the subject accounts were discharged in bankruptcy despite receiving notice of her dispute regarding the inaccuracy from Equifax—to give Defendant fair notice of what her claim is and the grounds upon which it rests. Stated differently, Plaintiff's allegations present enough factual matter to allow a reasonable inference that Defendant failed to fully comply with its FCRA obligations. Thus, Plaintiff has stated a claim upon which relief can be granted. See Twombly, 550 U.S. at 556. Whether these factual

allegations will ultimately give rise to liability under § 1681s–2(b) is a question for the factfinder on another day. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss based on a failure to allege sufficient factual matter.

### B. Plaintiff Presents a Legally Cognizable Claim

Alternatively, Defendant argues that Plaintiff "fails to establish that [its] reporting was inaccurate" for purposes of the FCRA, because the Act "does not require credit furnishers, such as BANA, to make legal determinations on the status of debt." (Doc. 11, p. 9.) While Defendant is correct that the FCRA does not obligate furnishers of information to decide disputed legal questions, Defendant is mistaken that Plaintiff's information dispute regarding her bankruptcy discharge requires BANA to make a legal determination on the status of her debt. It plainly does not as shown by the allegations in Plaintiff's Complaint.

The FCRA imposes a duty on furnishers of information to CRAs to provide accurate and complete information relating to consumers' accounts. 15 U.S.C. § 1681s-2(a). If a furnisher fails to report accurate and complete information after receiving notice of a valid dispute it can be held liable pursuant to § 1681s-2(b). In reporting accurate information, however, furnishers need not determine the legal status of a disputed debt so long as their reporting is factually accurate within the meaning of the FCRA. See Chiang, 595 F.3d at 38 (furnishers neither qualified nor obligated to resolve questions of law); cf. Chalin, 936 F.2d at 1160 (FCRA claim properly raised for "a *factual* deficiency or error that could have been remedied by uncovering additional facts").

Plaintiff's claim here asserts that Defendant BANA failed to report her account as "discharged in bankruptcy" even though it had received a copy of the bankruptcy court's discharge order. (Doc. 1, pp. 3–6.) This claim may tangentially concern a legal issue—

14

bankruptcy—but it does not concern a *disputed* legal issue. Whether Plaintiff's credit report accurately showed that her accounts with BANA had been discharged in bankruptcy is a question of fact, not law. The legal status of her debt had already been decided by order of the court—discharged. Thus, per the allegations in Plaintiff's Complaint, there was no legal issue remaining for Defendant to determine, only the obligation to accurately modify the information BANA furnished to Equifax so that it reflected the bankruptcy court's discharge order. Moreover, a furnisher's failure to accurately report a debt that has been "discharged" in bankruptcy can form the basis of an actionable § 1681s-2(b) claim. See, e.g., Freedom v. Citifinancial, LLC, No. 15 C 10135, 2016 WL 4060510, at *6 (N.D. Ill. July 25, 2016) (denying motion to dismiss FCRA claim where the plaintiff alleged that a furnisher reported a zero balance and other information after a bankruptcy discharge without also indicating the discharge); Venugopal v. Dig. Fed. Credit Union, No. 5:12-CV-06067 EJD, 2013 WL 1283436, at *3 (N.D. Cal. Mar. 27, 2013) ("[W]hile Defendant's reporting to Experian about the alleged debt may have been technically accurate, it still could have been misleading so as to materially alter the understanding of the debt" because "Defendant failed to report to Experian that Plaintiff's debt had been discharged as a result of the bankruptcy petition."); see also In re Henriquez, 536 B.R. 341, 349 (Bankr. N.D. Ga. 2015) (noting, in determining whether reporting of a discharged loan was inaccurate and thus violating the bankruptcy discharge injunction, that "[t]he Loan was reported as discharged and as having a balance of zero; this is precisely how a discharged loan should be reported"); In re Helmes, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) ("The debtor asserts—and the bank agrees—that industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation 'Discharged in bankruptcy' and with a zero balance due.").

Because Plaintiff's dispute concerns a question of fact as to whether Defendant accurately and completely reported the status of her subject account that had been discharged in bankruptcy, she has stated a claim for relief that is cognizable under the FCRA. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss as to the purported failure to allege a cognizable inaccuracy.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion to Dismiss for Failure to State a Claim. (Doc. 11.) In light of the disposition of Defendant's Motion, the Court **ORDERS** the Plaintiff and Defendant BANA to file a Status Report within **twenty-one (21) days** from the date of this Order.[8] Furthermore, pursuant to the Stipulations of Dismissal jointly filed by Plaintiff and Defendants BMW of North America, LLC, and Equifax Information Services, LLC, (docs. 24, 25), the Court **DISMISSES with prejudice** Plaintiff's action against Defendants BMW of North America, LLC and Equifax Information Services, LLC, and **DIRECTS** the Clerk of Court to **TERMINATE** these parties as Defendants on the docket of this case.

**SO ORDERED**, this 25th day of March, 2019.

_R. Stan Baker_
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[8] The Report shall conform to the language and format of Judge Baker's Status Report Form located on the Court's website, www.gasd.uscourts.gov, under "Forms" and "Judge Baker-Instructions and Forms."